UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00096-SEB-TAB-19 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JEREMY JACKSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00096-SEB-TAB |
| | ) | |
| JEREMY JACKSON, | ) | -19 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Jeremy Jackson has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1299. In addition, Mr. Jackson has asked the Court for the appointment of counsel. Dkt. 1300. For the reasons explained below, his motions are **DENIED**.

## I.    Background

In September 2015, a jury found Mr. Jackson guilty of one count of conspiracy to distribute 500 grams or more of methamphetamine causing death, in violation of 21 U.S.C. §§841(a)(1), 846, and 851, and one count of distributing marijuana causing death, in violation of 21 U.S.C. §§841(a)(1), and 851. Dkt. 794. According to the presentence investigation report, Mr. Jackson received three ounces of methamphetamine per week from a source between October 13 and April 2014. Dkt. 836 at 5. Mr. Jackson then distributed the methamphetamine to others in North Vernon, Indiana. *Id.* at 5–6. On April 5, 2014, Mr. Jackson also distributed methamphetamine to Jessie Jackson, his wife, who consumed the methamphetamine and died of an overdose. *Id.* at 6. Mr. Jackson faced a mandatory sentence of life imprisonment on each count, dkt. 836 at 16–17, and

the Court sentenced him accordingly, dkt. 927 at 2–3. The Court also imposed ten years of supervised release.

Mr. Jackson has filed a motion for compassionate release pro se. Dkt. 1299. Mr. Jackson argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he suffers from a number of health conditions which render him particularly vulnerable to complications were he to contract COVID-19; and (2) a change in the law has created a significant disparity between the sentence he received and the sentence he would receive today. Dkt. 1299, 1302. He has also filed a motion asking for the appointment of counsel. Dkt. 1300. The Court has concluded that it can resolve the motions without a response from the United States.

## II.     Discussion

### A.  Request for Counsel

Mr. Jackson has requested the appointment of counsel to represent him in this matter. Dkt. 1300. Mr. Jackson states that he is in need of counsel because (1) he lacks legal knowledge and requires counsel to increase his chance at success, and (2) he cannot afford to hire his own attorney.

There is no statutory authority entitling defendants to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Jackson's request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. Jackson is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the

3

plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Jackson has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. As to the second question, the Court finds that Mr. Jackson has adequately pled his motion without legal assistance and his *pro se* literacy is quite evident. For these reasons, Mr. Jackson has not shown that pro bono counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied.

### B.  Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563

(7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Jackson's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Jackson has presented no evidence whether or not he is vaccinated and no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Jackson "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For

these reasons, the Court declines to exercise its discretion to find that Mr. Jackson has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

Mr. Jackson next argues that he has established an extraordinary and compelling reason for release because he is serving a much longer than he would receive if he were sentenced today due to a change in the law. Dkt. 1302. For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

---

[1] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Defendant does not meet the criteria for that extraordinary and reason either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

6

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")).  Under the *Thacker* line of cases, any potential sentencing disparity created by non-retroactive sentencing law changes clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Nov. 1, 2023). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary

and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Jackson's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Mr. Jackson has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Mr. Jackson has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Even if the Court were to assume that Mr. Jackson had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Jackson is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, he has engaged in programming while incarcerated and has served as a suicide watch companion in BOP. Dkt. 1302 at 2. Weighing against him, Mr. Jackson committed a serious crime that resulted in a person's death, and he has a criminal history including a prior felony conviction. Dkt. 836 at 9.

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In light of these considerations, the Court finds that releasing Mr. Jackson early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.    Conclusion

For the reasons stated above, Mr. Jackson's motion for compassionate release, dkt. [1299], and his motion for the appointment of counsel, dkt. [1300], are **denied**.

**IT IS SO ORDERED.**

Date:  11/21/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jeremy Jackson
Register Number: 12372-028
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808